IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| STUART CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:09-00316-JFA-JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| WARDEN, MARY M. MITCHELL, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Stuart Campbell ("Campbell"), is an inmate at FCI-Edgefield serving concurrent

sentences imposed in the Northern District of Georgia ("N.D.Ga. sentence"), and the Western District

of Texas ("W.D.Tx. sentence"). He filed a *pro se* petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241 on February 6, 2009, challenging the computation of his release date by the Federal

Bureau of Prisons ("BOP"). Respondent filed an "Answer and Return," together with a "Motion to

Deny Habeas Petition" on April 28, 2009. Because Campbell is proceeding *pro se*, an order pursuant

to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued advising Campbell of his

responsibility to respond to the motion. He filed a "Reply to Motion to Deny Habeas" on May 22,

2009.

1

## Facts

The record reveals the following factual background:

1.  Campbell was arrested on a warrant issued by the Northern District of Georgia on August 10, 1999. (Res.Mem., Ex. 5).

2.  Campbell was released on bond on September 15, 1999. (*Id.*)

3.  In October of 2000 Campbell was named in a superceding indictment in the Western District of Texas. (*Id.*)

4.  Campbell's bond was revoked in the Northern District of Georgia on January 20, 2001. (*Id.*)

5.  Campbell was sentenced to 60 months imprisonment in the Northern District of Georgia on April 5, 2001. (*Id.*)

6.  Upon arrival at the BOP, a sentence computation was performed. BOP determined that the sentence commenced on the date it was imposed (April 5, 2001) and awarded him for prior custody credit for all time available prior to that date. (*Id.*)

7.  Campbell was transported to the Western District of Texas pursuant to a writ of habeas corpus ad prosequedum where he entered a plea of guilty. (*Id.*)

8.  Campbell pled guilty on January 25, 2002. At that hearing the District Judge stated:

    > I accept Mr. Campbell's plea of guilty, find him guilty and will set punishment date for May 17th at 8:30. In the meantime, Mr. Campbell, you, of course, continue to get credit for the time that you're in federal custody on this case. Now how BOP figures all that out later, I don't know."

    (Transcript attached to Petition)

9.  On June 7, 2002, Campbell was sentenced to 180 months on the Texas charge to run

concurrently with the 60 month sentence previously imposed in the Northern District of Georgia. (*Id.*)

10.     After Campbell received the W.D.Tx. sentence, BOP recalculated his sentence pursuant to 18 U.S.C. § 3584(a), 18 U.S.C. § 3585(b) and BOP Program Statement 5880.28, <u>Sentence Computation Manuel</u>.  This somewhat complicated process is described as follows:

> Mr. Campbell's federal sentence computation was updated by aggregating (joining together) the 180 month term with the original 60 month term.  A concurrent aggregation of two terms is calculated by first adding the original term to the date the term was imposed, producing a full term date.  Then the second term is added to the date it was imposed (usually a later date), thus creating the full term date of the second term.  The full term date of the first term is then subtracted from the full term date of the second term, which equals the "overlap" between the two terms.  The length of the original term is then added to the overlap in order to produce the total aggregate length of the two terms.  This was accomplished by commencing the new 180 month term on the date it was imposed, while the original 60 month term continued to be served.  This created a combined total term of 16 years, 2 months, and 2 days.

(Res.Mem., Ex. 5).

11.     Apparently in recalculating Campbell's sentence, BOP became aware of the above quoted statement of the Texas court.  On September 22, 2004, BOP wrote an Assistant United States Attorney in the Western District of Texas "seeking clarification of the Court's reference to credit which appears in the transcript." (Res.Mem., Ex. 6).     BOP advised that giving Campbell prior custody credit on his W.D.Tx sentence would violate "the intent of 18:3585(b) and Bureau Policy." (*Id.*) BOP further advised that if it were the court's intent that Campbell receive such credits it could reduce his sentence pursuant to Section 5G1.3 of the United States

Sentencing Guidelines. (*Id.*)

12.    Campbell filed a "*pro se* motion for clarification" in the Western District of Texas on October 18, 2004. (Res.Mem., Ex. 3).

13.    On November 1, 2004, the court reduced the W.D.Tx. sentence to 174 months - a reduction of 6 months. (*Id.*)

14.    BOP again re-computed Campbell's sentence. He now has a projected release date of August 10, 2014.

## Discussion

In his petition Campbell asserts that he is "not being awarded jail time credit by the B.O.P. that was ordered by the sentencing court under the statutes." (Petition, p. 1). He seeks an order requiring BOP to award him "the 428 days[1] jail time credit against the Texas sentence" which was promised by the sentencing judge. Respondent concedes that § 2241 is the proper vehicle to challenge the execution of the sentence and that Campbell has exhausted his administrative remedies.

The Attorney General of the United States, through BOP, maintains custody of federal prisoners. The Attorney General, therefore, is responsible for determining the beginning date of custody and calculation of a release date. This includes the application of federal statutes relating to credit for time spent in custody prior to the commencement of the federal sentence. United States v. Wilson, 503 U.S. 329 (1992).

Before 1987, 18 U.S.C. § 3568 effected the Attorney General's calculation. The statute read in part:

---

[1]During the administrative process Campbell claimed he was entitled to credit for "8 months, 2 weeks and 2 days."

4

> The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offenses or acts for which sentence was imposed.

The Sentencing Reform Act of 1984, which became effective in 1987, recodified and rewrote § 3568 into 18 U.S.C. § 3585(b). The current provision states in part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> > (1) as a result of the offense for which the sentence was imposed; or
>
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Campbell does not dispute the authority of the BOP to compute his sentence including the date the sentences began and determining the prior custody credits. Further, he does not argue that BOP violated the relevant statutes or misapplied its guidelines in computing his release date. Campbell frames the issue as follows:

> [T]he question in this case is not to what extent the Petitioner is due Jail Credit Time, but whether the "promise" of a Federal District Court Judge at sentencing is enforceable as a matter of law.

(Roseboro Response, p. 3).

The answer to the question framed by Campbell is no, he does not have the right to require BOP to enforce the "promise" made to him by the court at sentencing. In Wilson, the Supreme Court specifically held that it was the responsibility of the Attorney General (BOP), and not the sentencing judge, to determine credit for prior custody. In United States v. Bucham, 91 Fed.App. 820 (4th Cir. 2004), the Fourth Circuit rejected a similar "promise" made by the sentencing court ("if possible, the defendant shall receive credit for time served while in custody in South Carolina beginning May 30,

5

2001"). Citing <u>Wilson</u>, the court held that "district courts are not authorized to compute credits for time spent in official detention when sentencing a convict." *Id.,* at 821. Apparently the district court recognized this principle at sentencing because it modified the "promise" by adding "how the BOP figures all that out later, I don't know," which Campbell conveniently fails to mention. Further, the sentencing court gave Campbell the relief it was authorized to give by reducing the sentence.

### Conclusion

After reviewing the record, the undersigned recommends that the Motion to Deny Habeas Petition be **granted**, and the petition be **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

February 5, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).