IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stuart Campbell, #09028-036, ) | C/A No.: 3:09-316-JFA-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| Warden, Mary M. Mitchell, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The *pro se* petitioner, Stuart Campbell, is an inmate at FCI-Edgefield where he is serving a concurrent sentence imposed in the Northern District of Georgia. He initiated this action pursuant to 28 U.S.C. § 2241 challenging the computation of his release date by the Federal Bureau of Prisons. Specifically, petitioner contends that the federal sentencing judge in Georgia "promised him 428 days jail time credit against his Texas State criminal sentence." Respondent concedes that § 2241 is the proper vehicle to challenge the execution of the sentence and that petitioner has exhausted his administrative remedies.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the petition be denied. The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

docket on February 5, 2010. He did not file any objections to the Report.

As the Magistrate Judge correctly notes, the United States Attorney General, through the Bureau of Prisons, is responsible for determining the beginning date of custody and the calculation of a release date, including the application of federal statutes relating to credit for time spent in custody prior to commencement of the federal sentence. *United States v. Wilson*, 503 U.S. 329 (1992). Further, the Fourth Circuit Court of Appeals has held that "district courts are not authorized to compute credits for time spent in official detention when sentencing a convict." *United States. v. Bucham*, 91 Fed.App. 820 (4th Cir. 2004).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and the Report is incorporated herein by reference.

Accordingly, the petition is denied.

IT IS SO ORDERED.

March 5, 2010  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge